IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOSEPH DEWAYNE DOUGLAS,
        Petitioner,

-vs-                                                           Case No. A-14-CA-1005-SS

WILLIAM STEPHENS,
        Respondent.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Joseph Dewayne Douglas's Petition for Writ of Habeas Corpus [#1], the Report and Recommendation (R&R) of the United States Magistrate Judge [#4], and Petitioner Joseph Dewayne Douglas's Objections [#7] thereto. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the Magistrate Judge's R&R and DISMISSING WITH PREJUDICE as time-barred the petition for writ of habeas corpus.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Douglas is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79

F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

### A.    Douglas's Criminal History

According to Douglas, the Director has custody of him pursuant to a judgment and sentence of the 21st Judicial District Court of Bastrop County, Texas. Douglas was convicted of murder after entering a guilty plea, and was sentenced to thirty-five years in prison on October 22, 2013. Douglas did not appeal his conviction. He did, however, challenge his conviction in two state applications for habeas corpus relief. They both were executed on December 23, 2013, and file-marked on December 26, 2013. The Texas Court of Criminal Appeals denied them without written order on February 19, 2014. *Ex parte Douglas*, Appl. Nos. 80,870-01, -02.

### B.    Douglas's Grounds for Relief

Douglas raises the following grounds for relief:

(1)    His guilty plea was not knowing, intelligent, or voluntary due to ineffective assistance of counsel;

(2)    The trial court violated his constitutional right to have a competency hearing prior to the taking of his guilty plea; and

(3)    His attorney was ineffective when counsel waived Douglas's competency hearing prior to negotiating a guilty plea.

## Analysis

Douglas's claims are time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). More specifically, § 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period may be tolled if the petitioner properly files a state application for habeas corpus relief. 28 U.S.C. § 2244(d)(2).

Douglas's conviction became final, at the latest, on November 21, 2010, at the conclusion of time during which he could have appealed his conviction. *See* TEX. R. APP. P. 26.2(a). Therefore, Douglas had until November 21, 2011, to timely file his federal application. Douglas did not execute his federal application for habeas corpus relief until November 3, 2014, nearly 3 years after the limitations period had expired. Douglas's state application did not operate to toll the limitations period because they were also filed after the limitations period had expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

In his Objections, Douglas re-urges the same grounds for relief from his petition and informs the Court he has limited legal knowledge and limited legal resources in prison. None of his objections, however, overcome the fact his claims are barred by the statute of limitations.

The record does not reflect that any unconstitutional state action impeded Douglas from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Douglas has not shown he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## Conclusion

Douglas's Petition for Writ of Habeas Corpus [#1] must be DISMISSED WITH PREJUDICE as time-barred by AEDPA.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Douglas's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#4] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Joseph Dewayne Douglas's Petition for Writ of Habeas Corpus [#1] is DISMISSED WITH PREJUDICE as time-barred;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 8th day of December 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE